UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| MOJO SPORTSWEAR CO., ET AL., | : CIVIL ACTION NO. 6:14-cv-03458 |
| Plaintiffs | : |
| VERSUS | : JUDGE RICHARD T. HAIK |
| OLUKAI, LLC | : |
| Defendant | : MAGISTRATE PATRICK J. HANNA |

**REPLY MEMORANDUM IN SUPPORT OF MOTIONS TO DISMISS PURSUANT TO FED R. CIV. P. 12(b)(1), 12(b)(2), 12(b)(3) AND 12(b)(6) ON BEHALF OF OLUKAI, LLC**

MAY IT PLEASE THE COURT:

Defendant, OluKai, LLC ("OluKai") respectfully submits this Reply Memorandum In Response to the Memorandum In Opposition filed by the individual Plaintiffs, Timothy Mossberg ("Mossberg"), Rodger Bagwell ("Bagwell"), and Mojo Sportswear Company, Inc., ("Mojo").

**A.**  **Mossberg and Bagwell Must Be Dismissed Pursuant To Fed. R. Civ. P. 12(b)(1) For Lack Of Subject-Matter Jurisdiction or 12(b)(6) For Failure To State A Claim Upon Which Relief Can Be Granted**.

It is extremely rare to see individual corporate officers argue so forcefully in support of their own individual exposure and liability for acts of infringement allegedly committed by their corporation. Yet, this is exactly the scenario before the court as Mossberg and Bagwell vigorously contend in their memorandum that they have standing as corporate directors to individually seek a declaratory judgment that their corporation's use of the Mojo trademark does not infringe OluKai's trademark. The cause for this curious line of reasoning is Mojo's urgent

1

need to establish some nexus between this litigation and the Western District of Louisiana. Bagwell, alleged to be a resident of Lafayette Parish, provides the sole link.

However, Plaintiffs' argument in opposition to OluKai's Motions to Dismiss pursuant to Rules 12(b)(1) or 12(b)(6) is misplaced. At page 5 of their memo, Plaintiffs erroneously argue:

> [O]luKai's Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6)—and its spurious allegation of forum-shopping—are wholly predicated on the legally-incorrect belief that corporate officers cannot be held personally liable for trademark infringement under the Lanham Act. To the contrary, it is well settled law that corporate officers or directors are, in general, personally liable for all torts which they authorize or direct or in which they participate, notwithstanding that they acted as an agent of the corporation and not on their own behalf.

It is beyond dispute that, under specified circumstances, "an officer or director who actively and knowingly causes confusion, mistake or deception can be personally liable" for trademark infringement, as Plaintiffs correctly point out. Here, however, we are confined to the allegations actually pled in the Plaintiffs' Complaint, not theoretical legal arguments existing in the abstract, which are insufficient to establish a justiciable case or controversy necessary to support subject matter jurisdiction. As noted in *Vantage Trailers, Inc. v. Beall Corp*., 567 F.3d 745, 748 (5th Cir.2009), only "parties that have their legal interests threatened in an actual controversy have standing to sue under the Declaratory Judgment Act." "On the other hand, declaratory judgments cannot be used to seek advisory opinions on hypothetical factual scenarios." Id at 748 (citing *MedImmune, Inc. v. Genentech, Inc*., 549 U.S. 118, 127, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007)(citation omitted)).

Plaintiffs' argument is easily dismissed by asking two questions: (i) have the Plaintiffs alleged any facts that would support Mossberg and Bagwell's individual liability for actively and knowingly causing Mojo's alleged acts of infringement, thereby rendering them personally liable for Mojo's alleged acts of infringement; and (ii) have Mossberg and Bagwell sought a

declaratory judgment declaring that they, as officers or directors of Mojo, are not individually liable for any acts of infringement by Mojo? The Complaint shows that the answers are clearly no. Mossberg and Bagwell do not seek any declaratory judgment as to themselves individually. Instead, Plaintiffs allege in paragraph 21 that "**Mojo Sportswear's** use of its 'Mojo Hook' is not likely to cause confusion or mistake, or to deceive, as to the affiliation, connection, or association of **Mojo Sportswear** with OluKai, or as to the origin, sponsorship, or approval by OluKai of **Mojo Sportswear's** products" and, in their prayer for relief, seek only a declaration that: "The use of the 'Mojo Hook' **by Mojo Sportswear** for its products does not infringe on any valid rights that OluKai claims to have in the 'OluKai Hook'." Plaintiffs fail to seek any declaratory relief in favor of Mossberg or Bagwell individually for non-infringement of OluKai's trademark. The demand letters attached to the Complaint also plainly show that the letters were directed to Mojo and are limited to Mojo's use of its trademark; no legal claims, demands or allegations are asserted or implied against any individual corporate officers or directors of Mojo.

Based on the allegations and limited relief sought in the Complaint, what other purpose would be served by adding Mossberg and Bagwell as additional plaintiffs, except to support some form of false connection with the Western District of Louisiana? Any declaratory judgment in favor of Mojo would clearly include and eliminate any possible contributory acts of infringement by Mossberg and Bagwell individually. In their Complaint, Plaintiffs have failed to allege sufficient facts to establish any justiciable case or controversy between OluKai and Mossberg and Bagwell, individually as directors of Mojo, and have likewise failed to allege sufficient facts to assert a claim upon which relief can be granted in favor of Mossberg and Bagwell individually. For these reasons, the individual claims of Mossberg and Bagwell must be dismissed pursuant to Rules 12(b)(1) or 12(b)(6).

B. <u>**Louisiana Lacks Personal Jurisdiction Over OluKai**</u>.

"When a defendant moves to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of establishing the Court's jurisdiction over the defendant." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). In the present case, plaintiffs do not attempt to refute any of the facts established through the Affidavit of George Ward, the Chief Financial Officer for OluKai, specifically including: (i) OluKai does not have any offices in Louisiana; (ii) OluKai does not operate any retail stores in the United States; (iii) OluKai distributes its products in the U.S. via a network of third-party retail partners and through the OluKai website, which is not directed to consumers of any state or region in particular; (iv) OluKai does not own any bank accounts or own or lease any real property in Louisiana; (v) sales of OluKai products in Louisiana comprise only a tiny percentage of OluKai's overall national annual sales; (vi) in the last six years, annual sales in Louisiana have comprised less than approximately 0.5% of OluKai's annual national sales; (vii) sales in the Western District represent an even smaller percentage than 0.5%; (viii) sales of OluKai products in Louisiana through OluKai's website are an even smaller portion of OluKai's business; and (ix) in 2014, website sales in Louisiana amounted to less than approximately 0.06% of OluKai's total national annual sales (the "OluKai Affidavit").

Unable to refute the fact that OluKai does not operate in Louisiana or direct its sales to Louisiana, and sales of OluKai products in the Western District are less than 0.5% of OluKai's annual national sales, Plaintiffs appear to concede that general jurisdiction in Louisiana is lacking, stating at page 9 of their memorandum:

> [A]ccordingly, while jurisdictional discovery could reveal that OluKai's contacts with the forum state are sufficiently substantial, continuous, and systematic to establish general jurisdiction, such an analysis is not necessary. Instead, this Court

4

can exercise personal jurisdiction over OluKai under the specific jurisdiction theory.

In support of specific personal jurisdiction, Plaintiffs argue that OluKai has "purposefully directed its activities toward Louisiana," presumably by allowing independent retainers to sell OluKai products throughout the United States, including within Louisiana. The OluKai Affidavit establishes that it is the independent retailers themselves that decide where they will sell OluKai products. Any retailer could purchase OluKai products direct from OluKai and resell them in Louisiana if they choose. Under the argument being advanced by Plaintiffs, personal jurisdiction for declaratory judgments would automatically exist in any forum where the Defendant's products are found. However, courts have repeatedly struck down such broad arguments.

Most notably, in *Ham v. La Cienega Music Co.*, 4 F.3d 413, 416, 1993, 1993 WL 386816 (5th Cir. 1993), the Fifth Circuit case with facts and issues most closely analogous to those existing in the present case, the court affirmed the dismissal of plaintiff's complaint for declaratory judgment. The plaintiff in *Ham* sought a declaration that his song did not infringe the copyright of the defendants' song, which was nationally distributed through BMI. The defendants sent demand letters to Ham in Texas advising Ham that his song *La Grange* infringed their copyrights in their *Boogie Chillen* songs. Similar to the Mojo plaintiffs, Ham filed suit in Texas seeking a declaratory judgment that his song *La Grange* did not infringe *Boogie Chillen*. Ham argued that Texas had personal jurisdiction over the defendants since BMI distributed *Boogie Chillen* in Texas. However, the court dismissed Ham's complaint for lack of personal jurisdiction since the action for declaratory judgment did not arise from the distribution of the defendants' song *Boogie Chillen* in Texas, holding:

5

> [H]am relies heavily on our cases recognizing that placement of products into the stream of commerce may satisfy the minimum contacts prong of the due process analysis. We find those cases distinguishable from the case at bar.
>
> Clearly, through his affiliation agreement with BMI and distribution of recordings, Besman and La Cienega sought to exploit "Boogie Chillen" and its derivatives on the broadest possible geographical basis. Ham presented evidence that these efforts have borne fruit in Texas. Besman's activities connect him to Texas within the meaning of our stream of commerce cases. Ham, however, has demonstrated at best a highly attenuated relationship between the subject matter of the instant declaratory judgment action and distribution of music in Texas by Besman and La Cienega. Ham alleges no injury flowing from that distribution. Rather, resolution of this action depends solely upon whether "La Grange" infringed copyrights owned by Besman and La Cienega. Exploitation of the "Boogie Chillen" copyrights by the defendants in no way relates to the merits of that question. Likewise, Besman's July 8 letter, although it forms the basis for Ham's allegations about the existence of a live controversy, in no way relates to the merits of the copyright question and thus does not support personal jurisdiction in Texas. We conclude that the instant action does not arise from contacts of Besman and La Cienega with Texas. Exercise of personal jurisdiction over them in the instant action would thus offend due process.

Similar to *Ham*, *supra*, the sale of OluKai products in Louisiana is not the cause of any alleged injury to Mojo and Mojo does not allege any injuries flowing to it as a result of the presence of OluKai products in Louisiana. Instead, as with the plaintiff in *Ham*, resolution of this action depends solely upon whether the Mojo trademark infringes the trademark owned by OluKai. In short, the instant action does not arise from any contacts that OluKai may have had with the State of Louisiana. It is the Mojo trademark that is alleged to infringe OluKai's trademarks and Plaintiffs have only sought a declaration that the Mojo trademark does not infringe OluKai's trademark. For these reasons, the presence of OluKai products in Louisiana is not the source of any alleged injury to Mojo. The issue of Mojo's potential liability to OluKai for trademark infringement remains even if there are no OluKai products present in Louisiana. For these reasons, OluKai's rule 12(b)(2) Motion to Dismiss should be granted.

Finally, Plaintiffs argue that OluKai's heavy reliance on *Sinclair v. StudioCanal, S.A.*,

709 F. Supp. 2d 496, 505 (E.D. La. 2010) is misplaced and conclude that *Sinclair* "represents the folly of applying Federal Circuit patent precedent to trademark disputes." However, the Court in *Sinclair* specifically recognized as follows:

> [I]n determining whether federal due process permits the exercise of jurisdiction over an out-of-state patent owner or infringer, instead of applying regional circuit law, the Court applies the law as interpreted by the Federal Circuit. See *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed.Cir.1995). However, when the case concerns trademarks, not patents, the Court applies Fifth Circuit law. See *Quick Tech., Inc. v. Sage Group PLC*, 313 F.3d 338, 343–46 (5th Cir.2002) (applying Fifth Circuit personal jurisdiction law to trademark infringement and unfair competition claims where no patent claims were present).

The facts and issues before the *Sinclair* court are remarkably similar to the facts and issues before this Court and the *Sinclair* court properly applied Fifth Circuit law to conclude that personal jurisdiction was lacking, despite the fact that the defendant in *Sinclair* had significantly more contacts with Louisiana than OluKai does in the present case.

### C.  Venue In The Western District Is Improper.

Plaintiffs correctly state in their opposing memorandum that "OluKai assumes in its venue argument that the both Mossberg and Bagwell are removed from the action." As already shown, the Complaint fails to assert sufficient facts to support the existence of any justiciable case or controversy between OluKai and Mossberg and Bagwell, individually as directors of Mojo, and Plaintiffs cannot cure this void through the theoretical legal arguments advanced in their opposing memorandum.

Alternatively, Plaintiffs argue that "venue is proper in this Court as 'a substantial part of the events or omissions giving rise to the claim occurred' in this district. 28 U.S.C. § 1391(b)(2)." Plaintiffs briefly and broadly argue that a "substantial part of the events or omissions giving rise" to their claim occurred in the Western District because "both parties have

caused their branded products to be sold in this judicial district, and because an actual controversy exists between the parties as to whether there is confusion in the marketplace arising from the companies' contemporaneous usage of their respective marks," then boldly conclude that "the Western District of Louisiana is clearly a place where a substantial part of the acts or omissions occurred." First, the OluKai Affidavit establishes that OluKai has *not* caused its products to be sold in the Western District. Instead, it is the independent retailers that establish where they intend to offer OluKai products for sale. More importantly, as previously shown, the sale or presence of OluKai products within the Western District is *not* the event or omission that gives rise to plaintiffs' request for declaratory relief. OluKai's alleged claims against Mojo for trademark infringement would exist and remain regardless of the existence of OluKai products in the Western District. It is the Plaintiffs' alleged "cloud of uncertainty" (see Plaintiffs' Memo, pages 11 and 18) with respect to Mojo's continued rights to use its trademark that forms the basis of this case or controversy. This fact is established through the allegations set forth in paragraph 16 of the Complaint, which alleges:

> [A]s evidenced by the July 22, 2014, letter, the August 6, 2014, letter, and the November 5, 2014, Petition for Cancellation, an actual case or controversy has arisen between the parties. Mojo Sportswear, and Timothy Mossberg and Rodger Bagwell as directors of Mojo Sportswear, have initiated this action for the purposes of seeking declaratory relief and resolution concerning their continued right to use the "Mojo Hook" mark.

Similar to the facts and issues involved in *Ham*, *supra*, Mojo's claims for declaratory judgment arise out of OluKai's claim that the Mojo mark is confusingly similar to the OluKai trademark. Mojo's complaint for declaratory action does not arise from any contacts that OluKai may have had with the State of Louisiana and there is no valid basis to conclude that "a

substantial part of the events or omissions giving rise to the claim occurred" within the Western District. For these reasons, venue within the Western District is improper.

### D. Plaintiffs' Complaint for Declaratory Relief Should Be Dismissed Pursuant To 28 U.S.C. § 2201(a).

Lastly, OluKai has requested dismissal of Plaintiffs' Complaint pursuant to 28 U.S.C. § 2201(a). Chief among the applicable *Trejo* factors for dismissal pursuant to Section 2201(a) are OluKai's assertions that: (i) Plaintiffs have engaged in forum-shopping by improperly adding Timothy Mossberg and Rodger Bagwell as unnecessary party plaintiffs; and (ii) there is a prior-filed cancellation proceeding before the Trademark Trial and Appeal Board (the "TTAB") involving the same marks and the issue of confusing similarity as is at issue here, making this declaratory judgment action duplicative and a waste of judicial resources. In response, Plaintiffs argue at page 21 of their memorandum that "Defendant's forum-shopping argument is a red herring." Yet the facts show that the concerns and abuses to be considered under the third, fourth and fifth *Trejo* factors are present here.

With regard to forum shopping under the third *Trejo* factor, Plaintiffs do not even attempt to explain how the Western District could possibly be considered a logical, likely or fair forum when Mojo itself and Mossberg are both based in Okaloosa County, Florida (See Mojo Complaint, paragraphs 2-3). Nor do the Plaintiffs seek to explain why Mossberg and Bagwell are necessary as additional plaintiffs in seeking a declaratory judgment in favor of Mojo.

Similarly, with regard to the obvious inequities existing under the fourth *Trejo* factor, Plaintiffs do not attempt to disguise their intentions, yet they boldly contend that the fourth *Trejo* factor somehow favors the Plaintiffs. Plaintiffs do not dispute that they sought to suspend OluKai's first-filed Petition to Cancel, which the TTAB suspended on July 20, 2015 pending

final determination of this proceeding. In short, Plaintiffs filed suit in the Western District and effectively transferred OluKai's pending legal claim that the Mojo mark is confusingly similar to the OluKai mark from the TTAB, where OluKai filed it, to the Western District. It is exactly this type of egregious behavior that the courts should refuse to endorse under the discretionary power that they possess under 28 U.S.C. § 2201(a).

For the reasons set forth in OluKai's motion, supporting memorandum and this Reply Memorandum, this Court should dismiss this action for (i) lack of subject matter jurisdiction, (ii) lack of personal jurisdiction, (iii) improper venue, and/or (iv) pursuant to the court's broad discretion under 28 U.S.C.A. § 2201(a).

          Respectfully submitted,

          TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.

          By: /s/ *Marc S. Whitfield*
              Marc S. Whitfield, Bar # 18534
              451 Florida Street, 8th Floor (70801)
              P. O. Box 2471
              Baton Rouge, LA 70821
              marc.whitfield@taylorporter.com
              Telephone: (225) 387-3221
              Facsimile: (225) 346-8049
              marc.whitfield@taylorporter.com
          ***Attorneys for OluKai, LLC***

CERTIFICATE

I hereby certify that on July 21, 2015, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system and also mailed to the Court pursuant to Rule 7.1 of the Local Rules of Court for the Western District of Louisiana. Notice of filing will be sent by operation of the court's electronic filing system to all counsel of record.

          s/ *Marc S. Whitfield*
          Marc S. Whitfield

998676.1