RECEIVED
DEC 28 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| MOJO SPORTSWEAR CO, ET AL | CIVIL ACTION 14-3458 |
| VERSUS | JUDGE HAIK |
| OLUKAI, LLC | MAGISTRATE JUDGE HANNA |

## RULING

Before the Court is a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6) on behalf of Olukai, LLC (Doc. 10).

This matter arises from an alleged trademark infringement arising from the similarity between the Olukai hook logo and the Mojo hook logo. Mojo has been selling sportswear since 2010 under the Mojo brand with their hook mark. On July 22, 2014, Mojo received a cease-and-desist letter from Olukai asserting the Mojo hook infringes on the Olukai trademark. On August 6, 2014, plaintiffs received a second cease-and-desist letter. On November 5, 2014, Olukai filed a Petition for Cancellation with the Trademark Trial and Appeal Board (TTAB) of the United States Patent and Trademark Office (USPTO) seeking to cancel Mojo Sportswear's U.S. Trademark registration arguing, when used in connection with the items set forth in the registration, it is likely to cause confusion, mistake, or deceive customers as to the source of the Registrant's goods in the marketplace. On December 16, 2014, Mojo filed a Complaint for Declaratory Judgment against Olukai in this Court. On May 26, 2015, Mojo filed a Motion to Suspend with the TTAB, seeking a stay in those proceedings pending the outcome of this litigation. Subsequently, Olukai filed this Motion to Dismiss.

Olukai's Motion to Dismiss seeks dismissal of the individual claims of Mojo's corporate officers/directors Mr. Bagwell and Mr. Mossberg for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P 12(b)(1) and failure to state a claim under 12(b)(6); dismissal of the entirety of the claims based on lack of personal jurisdiction over Olukai pursuant to Fed. R. Civ. P 12(b)(2); dismissal for improper venue under Fed. R. Civ. P. 12(b)(3); and discretionary dismissal under the Declaratory Judgment Act, 28 U.S.C. 2210(a).

The Court will not reach the merits of the 12(b)(1), 12(b)(2), 12(b)(3), or 12(b)(6) as it is **GRANTING a DISCRETIONARY DISMISSAL** under the Declaratory Judgment Act, 12 U.S.C. 2210(a) for the following reasons:

Under the Declaratory Judgment Act, a "district court has a measure of discretion in deciding to entertain the action." *St. Paul Insurance Co. v. Trejo,* **39 F.3d. 585 (5th Cir., 1994)**. The Fifth Circuit set forth factors in that case, referred to as the *Trejo* factors, for a court to consider in determining whether to exercise its discretion to dismiss a declaratory judgment action. They are: (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forum exist; (5) whether the federal court is a convenient forum for the parties and witnesses; and (6) whether retaining the lawsuit would serve the purposes of judicial economy. *See: Sherwin Williams Co. V. Holmes County,* **343 F.3d. 383 (5th Cir., 2003)**.

In the instant matter, there is not a pending state court action in play; however, there was a proceeding filed with the TTAB, prior to the filing of this case, which seeks a determination of matters which would essentially result in the litigation of the issues raised herein. Although not a

state court action, there is a certain level of fairness that must be applied in these cases. The preemptive filing is essentially forcing Olukai into a forum it did not choose, contrary to fairness and equity. With that fairness in mind, this Court will consider this factor falling in favor of dismissal.

Secondly, it appears from the timing of the filings, the plaintiff filed suit in anticipation of a lawsuit by the defendant. Olukai wrote two cease-and-desist letters to Mojo clearly stating therein, "Although we trust that you will respect the intellectual property rights of our client, and we look forward to resolving this matter amicably, please be advised that Olukai is prepared to take all appropriate legal steps to protect its rights." (July 22, 2014 letter, Doc. 1, Exhibit 1-1 and August 6, 2014 letter, Doc. 1, Exhibit 1-2) Further, Olukai took the additional step of filing a proceeding with the TTAB before this suit was filed. The circumstances lead this Court to the conclusion that this suit was filed in anticipation of litigation by Olukai against Mojo, an action which was seemingly certain to happen based on the letters and the TTAB filing. This factor, too, falls in favor of dismissal.

Third, knowing a lawsuit outside of the State of Louisiana was very likely forthcoming, and already named as defendant in a TTAB proceeding, plaintiffs quickly filed suit in this forum. Without reaching the issue of whether the corporate officers/directors are properly named in this suit, these simple facts appear to give rise to forum shopping by the plaintiffs. This factor falls in favor of dismissal.

The fourth factor addresses possible inequities which might arise from allowing Mojo to file a declaratory judgment in Louisiana. As noted by this Court in *Cajun Wholesale v. Swamp Dust, LLC, et al*, Civil Action 14-3121, "...allowing an alleged infringer to proceed in a declaratory judgment matter divests the true plaintiff of its right to choose its forum." In this

case, the true plaintiff, that is the allegedly injured party whose complaints gave rise the controversy, is Olukai. Olukai chose to proceed before the TTAB for a determination of the infringement of its trademark. That is the heart of the issue in this case. It is unfair to allow Mojo to step into the driver seat and attempt to steer this controversy when it was Olukai who initiated the race. This factor falls in favor of dismissal.

Fifth, whether this court is convenient for the parties is essentially a draw. There is no real evidence that this forum would be more or less convenient. As it appears from the limited evidence before the Court that Mojo is based primarily in Florida, this factor likely swings toward dismissal, but the Court will not go so far to make that determination. This is a neutral factor.

Finally, it is held that retaining this suit would not serve judicial economy. This is a trademark infringement action which is pending, although suspended at this time, before the Trademark Trial and Appeal Board of the United States Patent and Trademark Office, where it can be efficiently and fairly concluded. To retain this suit under these circumstances would not serve the judicial economy. This factor falls in favor of dismissal.

For the foregoing reasons, the portion of the motion seeking discretionary dismissal under the Declaratory Judgment Act is **GRANTED and this matter is DISMISSED in its entirety**, allowing the parties to litigate these issues before the Trademark Trial and Appeal Board of the United States Patent and Trademark Office. The portion of the motion seeking dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6) is **DENIED AS MOOT.**

THUS DONE and SIGNED on this 28th day of December, 2015.

_____
RICHARD T. HAIK, SR., DISTRICT JUDGE