**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| MOJO SPORTSWEAR CO., ET AL. | CIVIL ACTION NO. 14-3458 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| OLUKAI LLC | MAGISTRATE JUDGE HANNA |

**MEMORANDUM RULING**

Before this Court is Plaintiffs' Motion for Reconsideration of Discretionary Dismissal Under Rule 59(e) or Alternatively Rule 60(b) (Record Document 20). Defendant, Olukai, LLC ("Olukai") has opposed the motion (Record Document 25). For the reasons set forth in this memorandum, Plaintiffs' Motion for Reconsideration of Discretionary Dismissal Under Rule 59(e) or Alternatively Rule (60b) is **DENIED**.

**BACKGROUND**

This is an action for declaratory judgment under 28 U.S.C. §§ 2201, 2202 seeking a judgment of non-infringement of trademarks by Olukai. Plaintiff Mojo Sportswear Co. ("Mojo") sells a variety of clothing products and associated promotional items under the Mojo brand, including a logo which is a fish in the shape of a hook ("Mojo Hook"). The Mojo Hook was federally registered with the United States Patent and Trademark Office ("USPTO") on June 7, 2011 and was assigned Registration No. 3,974,652.

Mojo received a cease and desist letter from Olukai on July 22, 2014 asserting that Mojo's use of the Mojo Hook infringes upon Olukai's trademark rights in its logo, the Olukai Hook (Record Document 1-1). On August 6, 2014, Mojo received a second cease and desist letter (Record Document 1-2). Olukai filed a Petition for Cancellation with the Trademark Trial and Appeal Board ("TTAB") of the USPTO, seeking to cancel Mojo's

Registration Number for the Mojo Hook (Record Document 1-3). On December 16, 2014, Plaintiffs filed this action (Record Document 1) in the Western District of Louisiana, Lafayette Division. Mojo filed a Motion to Suspend the TTAB proceedings on May 26, 2015 on the basis that a decision by the Court would be dispositive of the issue before the TTAB (Record Document 10-3). The TTAB granted the motion on July 20, 2015 (Record Document 20).

Olukai moved for dismissal of this district court action on June 23, 2015 (Record Document 10) and oral argument was held on August 13, 2015 (Record Document 17). Judge Haik issued the ruling granting Olukai's Motion for Discretionary Dismissal Under the Declaratory Judgment Act (Record Document 18). This case was reassigned to Judge Hicks on February 01, 2016 (Record Document 23).

## ANALYSIS

Mojo seeks reconsideration by this Court under Federal Rule of Civil Procedure 59(e) or alternatively Federal Rule of Civil Procedure 60(b). In order to file a Motion to Alter or Amend a Judgment under Rule 59(e), the motion must be filed no later than 28 days after the entry of judgment. The judgment in question was entered on December 28, 2015 and the Motion for Reconsideration was filed on January 25, 2016. The time between the judgment being entered and the Motion for Reconsideration is exactly 28 days thereby complying with the time requirements of Rule 59(e).

Mojo also seeks reconsideration under Rule 60(b) which states:

> Grounds from a final judgment, order of proceeding on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a

> new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

The Fifth Circuit employs the seven factor test set forth in St. Paul Ins. Co. v. Trejo, 39 F. 3d 585 (5th Cir. 1994), in determining a district court's exercise of discretion to accept or decline jurisdiction over a declaratory judgment suit. The factors include:

> 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses, and 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy," id., and, we hold, whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

It has also been held by the Fifth Circuit that "unless the district court addresses and balances the purposes of the Declaratory Judgment Act and the factors relevant to the abstention doctrine on the record, it abuses its discretion." Travelers Ins. Co. v. Louisiana Farm Bureau Fed., Inc. 996 F. 2d 774 (5th Cir. 1993).

Plaintiffs argue that Rules 59(e) and 60(b) are appropriate to rectify obvious errors of law. They maintain that Judge Haik was incorrect in his application of all of the Trejo factors. See Record Document 20. With regards to factors 1 & 7, Plaintiffs contend "it was legal error for the Court to conclude the TTAB proceeding is a venue in which all of the matters in controversy may be fully litigated." Id. As to factors 2-4, they assert that "it was legal error for the Court to conclude that the mere filing of the declaratory judgment action

by Plaintiffs constituted improper anticipatory litigation or otherwise abusive 'forum shopping'." Id. Finally, in relation to factors 5 & 6, Plaintiffs argue that "it was legal error to conclude that maintaining the declaratory judgment action would result in duplicative litigation." Id.

Ultimately a judge has discretion to decide whether to dismiss a matter under the Declaratory Judgment Act. This Court has reviewed the ruling issued by Judge Haik, and finds that Judge Haik addressed and balanced all seven of the Trejo factors, as required by the Fifth Circuit. Judge Haik's decision to grant the dismissal under the Declaratory Judgment Act was within his sound discretion. Based on the showing made by Plaintiffs in the instant motion, there is no evidence that Judge Haik committed legal error in his analysis of the Trejo factors such that reconsideration of his ruling is appropriate under wither Rule 59(e) or Rule 60(b).

## CONCLUSION

Based on the foregoing analysis, the Motion for Reconsideration of Discretionary Dismissal Under Rule 59(e) or Alternatively Rule 60(b) (Record Document 20) be and is hereby **DENIED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 9th day of September, 2016.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE